# United States Court of Appeals for the Federal Circuit

06-7060

LEE T. RICHARDSON,

Claimant,

and

SHARON L. YOUNGMAN,

Movant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for movant-appellant.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Donald E. Kinner, Assistant Director.

Appealed from:   United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

06-7060

LEE T. RICHARDSON,

Claimant,

and

SHARON L. YOUNGMAN,

Movant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  January 30, 2007

_____

Before LOURIE, SCHALL, and GAJARSA, Circuit Judges.

LOURIE, Circuit Judge.

Sharon L. Youngman, Lee T. Richardson's former fiduciary, appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing Richardson's petition for a writ of mandamus and denying Youngman's motion to be substituted as the petitioner in his appeal.  Because the court correctly denied the motion to substitute and correctly dismissed the petition, we affirm.

BACKGROUND

Richardson was a veteran of the Vietnam War, who served from November 19, 1965 to September 1, 1967. Richardson applied for compensation for various ailments. The Board of Veteran's Appeals ("the Board"), on April 26, 2004, found Richardson entitled to retroactive disability compensation for post-traumatic stress disorder, effective March 10, 1986 (i.e., from the date of his initial claim), but remanded to the regional office for determination of the correct rating and resolution of the "intertwined claim" for schizophrenia.

In a June 16, 2004 Rating Decision of the Department of Veterans Affairs ("DVA"), the regional office specified the dates upon which Richardson had been diagnosed as suffering from schizophrenia and post-traumatic stress disorder. The regional office then assigned a noncompensable evaluation for Richardson's post-traumatic stress disorder claim, effective March 10, 1986, and a fifty percent disabling evaluation for the same claim, effective January 22, 1991. An evaluation of Richardson's post-traumatic stress disorder as of that time was reserved for additional development. On May 3, 2005, a decision review officer from the regional office of the DVA awarded a total evaluation for Richardson's post-traumatic stress disorder claim (i.e., a finding of 100% disability), effective March 10, 1986, and Richardson withdrew his appeal for benefits on the claim for schizophrenia.

Richardson had previously been rated incompetent in 2001. Thus, upon the May 12, 2005, resignation of his previous fiduciary, Youngman agreed to serve as Richardson's fiduciary for purposes of claiming veterans benefits. Soon thereafter, in

June 2005, Richardson suffered a massive heart attack and required the use of life support.

On July 7, 2005, Richardson, through counsel, filed a petition for mandamus in the Veterans Court seeking to compel the Secretary of Veterans Affairs (the "Secretary") to pay his accrued benefits. On July 11, 2005, Youngman received a copy of a July 8, 2005, letter outlining the DVA's payment decision, which included a copy of the May 3, 2005, Decision Review Officer Decision that awarded a 100% evaluation of Richardson's post-traumatic stress disorder claim. The letter informed Youngman that the retroactive award was being withheld pending the outcome of a hearing in the Kansas District Court in Wyandotte County for the appointment of Youngman as Richardson's "curator" (under Kansas state law). On July 13, 2006, an amended petition was filed in the Veterans Court adding Youngman as Richardson's DVA appointed fiduciary.

On July 15, 2005, Youngman was appointed curator for Richardson, but she did not receive the Letters of Curatorship until July 28, 2005. On that day, Richardson died, the retroactive benefits still having not been paid. On August 12, 2005, Richardson's counsel filed a motion in the Veterans Court to substitute Youngman as the petitioner in the request for the writ of mandamus. The Veterans Court issued an order on August 30, 2005, dismissing the petition for mandamus as moot in light of the death of Richardson, and entered final judgment on December 8, 2005.

Youngman timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

DISCUSSION

In reviewing decisions of the Veterans Court, we are empowered to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Our review thus includes questions of law, which we review de novo. Bailey v. West, 160 F.3d 1360, 1362 (Fed. Cir. 1998) (en banc). This appeal involves the issue of standing, which is one of law. See, e.g., Rex Serv. Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006).

On appeal, Youngman argues that the Veterans Court erred by dismissing the petition and refusing to grant the writ of mandamus to compel the Secretary to disburse Richardson's accrued benefits. Youngman argues that the DVA's prior recognition of her as Richardson's fiduciary and its subsequent action to seek similar recognition under Kansas state law confer upon her standing to compel payment of Richardson's admittedly past-due benefits. Youngman further argues that this situation is distinguishable from prior cases before this court in which the right of a deceased veteran to accrued benefits had not yet been determined. Instead, Youngman asserts that all that remained in this case was for the DVA to perform the ministerial act of calculating the benefits and issuing a check. Finally, Youngman argues that no other remedy exists for her or Richardson's heirs at law to compel payment of the benefits owed.

The government responds that under our precedent, a claim for benefits does not survive the death of the veteran. Youngman's status as Richardson's fiduciary prior to his death is thus irrelevant because the underlying claim on which she seeks to represent his interest is no longer valid. The government also argues that the parties

eligible to seek payment of certain "accrued benefits" through a new and separate action upon the death of a veteran are clearly identified and limited by 38 U.S.C. § 5121,[1] and Youngman is not one of those enumerated parties. Therefore, the government argues that the Veterans Court correctly dismissed the petition for mandamus and for substitution by Youngman as moot.

We agree with the government that the Veterans Court correctly held that Youngman lacked standing to pursue Richardson's claim and hence that the petition for mandamus was moot. The requirements for the grant of a writ of mandamus are "a 'clear and indisputable right' to the writ and . . . that [there is] no alternative way to obtain the relief sought." Lamb v. Principi, 284 F.3d 1378, 1382 (Fed. Cir. 2002) (citing Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976)). As will be explained, Youngman has no clear entitlement to relief here, at least for the reason that she lacks standing. In addition, Richardson's claim, which Youngman seeks to vindicate, has lapsed with Richardson's death.

"In our previous decisions holding that disability claims do not survive a veteran's death, we explained that under [the] statutory scheme, disability compensation is generally payable only to veterans, while death benefits are payable to survivors." Seymour v. Principi, 245 F.3d 1377, 1379 (Fed. Cir. 2001). Such a result derives from

---

[1]    38 U.S.C. § 5121(a) provides that "periodic monetary benefits . . . under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at the date of death (hereinafter in this section and section 5122 of this title referred to as 'accrued benefits') and due and unpaid, shall, upon the death of such individual be paid as follows . . . (2) Upon the death of a veteran, to the living person first listed below:  (A) The veteran's spouse. (B) The veteran's children (in equal shares). (C) The veteran's dependent parents (in equal shares)."

the statutory provision that "a veteran's entitlement to disability payments ends on the last day of the month before the veteran's death." Id. (citing 38 U.S.C. § 5112(b)(1)[2]).

Under the statutory scheme, only the veteran's spouse, the veteran's children, or the veteran's dependent parents are eligible to receive "accrued benefits" that are "due and unpaid." 38 U.S.C. § 5121(a). Those "accrued benefits" include "periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions." Id. (emphases added). The statute thus does not allow a distinction based on the status of the benefit claim for which Youngman argues, and the fact that Richardson's entitlement to the benefits had been conceded or determined prior to his death does not make this case distinguishable from our prior holdings. It is clear under the relevant statutes that Richardson's entitlement to compensation died with him and that Youngman is thus unable to stand in his shoes. Youngman cannot pursue Richardson's claim for the same reason that Richardson cannot—his death extinguished the entitlement upon which the cause of action was based, and this claim is not brought by Richardson's spouse, children, or dependent parents (apparently there are none). It is therefore evident that Youngman lacks the standing necessary to seek a writ of mandamus concerning Richardson's claim.

Youngman's other arguments in large part reduce to an appeal to the fairness of the outcome. If Richardson had survived longer, Youngman argues that Richardson could have been paid the accrued benefits, but, under the Veterans Court's decision, unfairness results because the benefits are not payable to anyone. But that is the law.

---

[2]    38 U.S.C. § 5112(b)(1) states, "The effective date of a reduction or discontinuance of compensation, dependency and indemnity compensation, or pension . . . by reason of . . . death of a payee shall be the last day of the month before such . . . death occurs."

However regrettable it is that Richardson's benefits may not be payable to anyone, "[t]his court can only interpret the statutes that are enacted by the Congress. . . . We are simply powerless to amend any statutory provision <u>sua</u> <u>sponte</u>." <u>Boyer v. West</u>, 210 F.3d 1351, 1356 (Fed. Cir. 2000).

We therefore must affirm the Veterans Court's denial of the motion to substitute Youngman as the petitioner in Richardson's posthumous claim for benefits. In light of this decision, the petition for a writ of mandamus is moot, and the Veterans Court accordingly correctly dismissed the petition.

## CONCLUSION

We affirm the Veterans Court's denial of the motion to substitute Youngman and the court's dismissal of the petition for writ of mandamus as moot.

## <u>AFFIRMED</u>