# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-3365

Sharon L. Youngman, Petitioner,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Respondent.

On Petition for Extraordinary Relief

(Decided   June 20, 2008   )

*Kenneth M. Carpenter,* of Topeka, Kansas, for the petitioner.

*Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Richard Mayerick*, Deputy Assistant General Counsel; and *Leslie C. Rogall*, Senior Appellate Attorney, all of Washington, D.C., for the respondent.

Before GREENE, *Chief Judge*, and DAVIS and SCHOELEN, *Judges*.

PER CURIAM:  On November 19, 2007, the petitioner, through counsel, filed a petition for extraordinary relief in the nature of a writ of mandamus.  In her capacity as VA-appointed fiduciary and curator of deceased veteran Lee T. Richardson, she filed a Notice of Disagreement (NOD) with respect to a VA letter declining to pay past due benefits for which the veteran had qualified before he died.  She now seeks an order from the Court directing VA to issue a Statement of the Case (SOC), or alternatively, a de novo decision from a decision review officer (DRO) in response to her NOD.  *See* 38 U.S.C. § 7105(d)(1); 38 C.F.R. § 3.2600 (2007).  The petitioner, without seeking leave of the Court, filed a reply to the Secretary's response to her petition.  The Secretary filed a motion to strike the petitioner's reply.  The Court will grant the Secretary's motion to strike the petitioner's reply.

In an April 2004 decision, the Board of Veterans' Appeals (Board) determined that the veteran, who had been adjudged incompetent, was entitled to retroactive disability compensation for post-traumatic stress disorder, effective March 10, 1986. The veteran disputed the initial disability rating and the effective dates of the staged ratings. In May 2005, a DRO granted the veteran entitlement to a 100% rating, effective March 1986.

Meanwhile, however, VA had suspended payment of disability compensation in March 2005 because the then-fiduciary was not properly carrying out his duties. On May 12, 2005, the petitioner initiated the process to become the new fiduciary for the veteran. For reasons not entirely clear, the petitioner also sought appointment as curator in the State probate court, which she received on July 15, 2005. VA officials supported her appointment as curator. After the petitioner posted a bond, the probate court issued letters of curatorship on July 28, 2005. Unfortunately, the veteran died later that same day.

Shortly before the veteran's death in July 2005, the veteran's counsel filed a petition for mandamus on his behalf that sought to compel VA to implement the May 2005 DRO decision and pay the award it conferred. Following the veteran's death, counsel filed a motion to substitute Ms. Youngman in the mandamus petition. In August 2005, the Court dismissed the petition on the basis that it had been mooted by the veteran's death. *See Richardson v. Nicholson*, No. 05-1886, 2005 WL 3312296 (Vet. App. Aug. 30, 2005).

The petitioner appealed this dismissal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which decided the case on January 30, 2007. Preliminarily, that court noted that only certain enumerated parties are entitled to receive accrued benefits to which a veteran was entitled at death, and neither the fiduciary and curator nor the estate of the veteran is among those enumerated parties. *See* 38 U.S.C. § 5121. Therefore, the Federal Circuit agreed with the Secretary that the petitioner lacked standing to pursue the veteran's claim, and that the mandamus petition was therefore moot. *See Richardson v. Nicholson*, 476 F.3d 883, 886 (2007). The Federal Circuit concluded that "Youngman cannot pursue [the veteran's] claim for the same reason that [the veteran] cannot–his death extinguished the entitlement upon which the cause of action was based. . . . It is therefore evident that Youngman lacks the standing necessary to seek a writ of mandamus concerning [the veteran's] claim." *Id.* at 887.

2

On or about June 19, 2006, prior to the Federal Circuit's *Richardson* decision, Ms. Youngman in her capacity as fiduciary and curator, submitted a demand letter to the veterans service manager seeking payment of the award to which the veteran was entitled before his death. The regional office responded with a letter explaining VA's reasons for declining the demand for payment. On September 8, 2006, Ms. Youngman's representative responded with a letter denominated as an NOD.

On or about September 17, 2007, the veterans service manager responded with a letter that cited the Federal Circuit's decision in *Richardson, supra*. The letter took the position that the Secretary maintains before this Court, that the Federal Circuit had conclusively resolved the issue and therefore the appeal is resolved as a matter of res judicata.

The petitioner argues that she has a statutory right to an SOC or alternatively to a de novo decision from a DRO. She asserts that the SOC is a prerequisite in the pursuit of her appellate rights both administratively and before this Court.

This Court has authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Ramsey v. Nicholson*, 20 Vet.App. 16 (2006); *Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998); *see also Mintz v. Brown*, 6 Vet.App. 277, 281 (1994) ("[T]he Secretary's refusal to exercise jurisdiction and the competing interpretations of [statutory provisions] forwarded by the parties clearly presents a case or controversy within the purview of the Court's jurisdiction."). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). Before the Court may issue a writ, three conditions must be satisfied: (1) The petitioner must demonstrate that she lacks adequate alternative means to obtain the desired relief; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004).

In this instance, the Court agrees that the writ should issue. Given VA's declared position on this matter, it is clear that the petitioner will not obtain the relief sought in any other manner. The petitioner also has a clear and indisputable right to the writ; the statutory requirement is that, unless the benefit sought is granted or the NOD is withdrawn, the "agency *shall* prepare a statement of the case." 38 U.S.C. § 7105(d)(1) (emphasis added). There is no provision for prejudging the merits of the arguments raised in the NOD and declining to issue the SOC on that basis. Moreover, the

3

petitioner cites 38 C.F.R. §§ 13.58 and 13.59 (2007), to support her argument that she was entitled to receive payment as the veteran's fiduciary.[1]  These regulations were not considered by the Court in *Richardson*.  Thus, even if the Secretary were correct that res judicata could be a basis for declining to issue the SOC, it appears that res judicata would not be applicable because the petitioner is relying on a different legal basis to support her claim of entitlement to payment than that relied upon by the Federal Circuit in *Richardson*.  In any view of the matter, however, this Court has no authority to deny the petitioner the exercise of her appellate rights.  Therefore, the Court is satisfied that the requested writ is appropriate under the circumstances.

Upon consideration of the foregoing, the Secretary's motion to strike the petitioner's reply to his response is GRANTED, and the petitioner's petition for mandamus is GRANTED.  The Court orders the Secretary to issue an appropriate SOC in this matter.

---

[1]The petitioner's papers repeatedly refer to 38 C.F.R. § 13.39 and also to 38 C.F.R. §§ 19.38 and 19.39. Because there are no such regulatory sections pertaining to anything raised in the petition, the Court takes these references to be typographical errors, and believes that the petitioner's intent was to cite 38 C.F.R. §§ 13.58 and 13.59.