NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**EVELYN BURNEY, DOING BUSINESS AS PLOTT BAKERY PRODUCTS,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee,*

AND

**STERLING FOODS, INC.,**
*Defendant-Appellee.*

———————————

2012-5088

———————————

Appeal from the United States Court of Federal Claims in case no. 12-CV-067, Senior Judge Eric G. Bruggink.

———————————

Decided: December 11, 2012

———————————

EVELYN BURNEY, of Norfolk, Virginia, pro se.

CARRIE A. DUNSMORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Depart-

ment of Justice, of Washington, DC, for defendant-appellee, United States. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

––––––––––––––––––

Before DYK, MOORE, and REYNA, *Circuit Judges*.

PER CURIAM.

Evelyn Burney, doing business as Plott Bakery Products ("Plott"), appeals a Court of Federal Claims ("Claims Court") decision dismissing her post-award bid protest and granting the government's motion for judgment on the administrative record. The Claims Court determined that the claims raised in this appeal were either waived or lacked merit. *Burney v. United States*, No. 12–67C, 2012 WL 1632353 (Fed. Cl. Apr. 26, 2012). We *affirm*.

## BACKGROUND

On April 1, 2011, the Defense Logistics Agency (the "agency") issued a solicitation for twenty separate baked food items for the Meal, Ready-to-Eat Ration Program. The solicitation required bidders to submit proposals addressing their Past Performance, Socioeconomic Goals, Surge/Mobilization Plans, Product Protection Plans, and Integrated Pest Plans, as well as samples of the food. On April 13, 2011, the agency issued Amendment 1 to the solicitation, allowing bidders to bundle their offers for different baked food items by offering a discounted price if awarded the contract for multiple items. On May 6, 2011, Plott bid on chocolate chip cookies, one-pack wheat snack bread, and two-pack wheat snack bread.

The agency began negotiations with bidders on August 11, 2011. During negotiations, the agency informed Plott that its offer was deficient in several respects and that its wheat snack bread samples had only received a "fair" rating. Plott attempted to correct these deficiencies with a revised proposal, but again received a "fair" rating for wheat snack bread. On November 17, 2011, the agency awarded all 20 baked food items to Sterling Foods, Inc. ("Sterling"), which had the highest numerical ratings for food samples of eighteen of twenty items, including the three that Plott bid on. Sterling also offered substantially discounted prices based on the percentage of the maximum quantity of all items awarded to it. The agency's pricing analysis concluded that awarding all twenty items to Sterling would cost a maximum of $162,320,531 as opposed to a maximum cost of $219,543,092 if the agency awarded each item to the bidder with the highest numerical ratings for food samples of that item, resulting in a cost savings of up to $57,222,561.

On November 19, 2011, after learning that Plott had not received an award, Burney filed a protest with the agency. After the agency denied Burney's protest, she brought a bid protest action in the Claims Court challenging "nearly every aspect of [the] agency's acquisition planning, evaluation, and ranking of Plott Bakery Products." *Burney*, 2012 WL 1632353 at *4. Burney argued, *inter alia*, that the solicitation and Amendment 1 to the solicitation were improper, that Amendment 1 did not authorize the agency to award all items to a single bidder, that the agency did not sufficiently identify defects in Plott's proposal during negotiations, and that the agency erred in its evaluation of Plott's proposal. *Id.* at *5–6. The Claims Court concluded that Burney waived her challenges to the solicitation and Amendment 1 by failing to raise them in a timely fashion. *Id.* at *5. The Claims

Court also held that Amendment 1 permitted the agency to award all twenty items to a single bidder. *Id.* Finally, the Claims Court upheld the agency's evaluation of the merits of Plott's proposal. *Id.* at *6. This appeal followed.

## DISCUSSION

We review the Claims Court's assessment of agency actions without deference to determine whether the agency's actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005) (quoting 5 U.S.C. § 706(2)(A)).

Burney objects to various aspects of the solicitation. Burney also argues that Amendment 1 to the solicitation was improper. But if the solicitation or Amendment 1 was flawed, then Burney was required to object before the award. The alleged errors here were patent. When objecting to a patent error in a government solicitation, a bidder cannot wait until its "proposal loses to another bidder [and] then come forward with the defect to restart the bidding process." *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1314 (Fed. Cir. 2007). Rather, "assuming that there is adequate time in which to do so, a disappointed bidder must bring a challenge to a solicitation containing a patent error or ambiguity prior to the award of the contract." *Comint Sys. Corp. v. United States*, No. 2012–5039, slip op. at 8 (Fed. Cir. Dec. 7, 2012). The Claims Court therefore correctly found that the supposed errors identified by Burney were patent and that Burney failed to preserve her objections to the solicitation or Amendment 1 by failing to object before the contract was awarded to Sterling.

Burney argues that Amendment 1 did not authorize award of all twenty items to a single bidder. Amendment 1, however, states clearly that "the government reserves

the right to award any combination of line items if it is determined to be in its best interest." Thus, the plain language of the amendment authorized the award of all twenty items to a single bidder.

Burney also alleges that the agency did not adequately inform her of the weaknesses in Plott's proposal during discussions. The agency did, in fact, inform her of the weaknesses in her proposal. In any event, Burney has not demonstrated any prejudice as a result of the defects she alleges in the agency's discussions with her. As discussed above, Sterling received higher numerical ratings on every food item that Plott bid on, and Sterling offered the lowest overall price to the government. Burney has not shown how further discussions would have given Plott a substantial chance of receiving an award. Absent such a showing, Burney lacks standing to challenge the award of the contract based on the agency's alleged failure to hold meaningful discussions with her. *See Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1308 (Fed. Cir. 2006).

Many of Burney's objections concern the evaluation of her proposals by the agency. To the extent that Burney is arguing that Plott should have received a higher rating for Socioeconomic Goals, she has not demonstrated any reversible error in the agency's evaluation. Burney also challenges the agency's evaluation of Plott's and Sterling's pricing, and the technical ratings assigned to sample food items. These arguments deal with the "minutiae of the procurement process . . . which involve discretionary determinations of procurement officials that a court will not second guess." *E.W. Bliss Co. v. United States*, 77 F.3d 445, 449 (Fed. Cir. 1996). Sterling received the highest numerical ratings on eighteen of twenty items, including all three items that Plott bid on. Additionally, taking Sterling's volume discount into consideration,

awarding all twenty items to Sterling resulted in the lowest overall price. The agency's decision to award all twenty items to Sterling was therefore plainly reasonable. Burney has not carried the "heavy burden of showing that the award decision had no rational basis." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1333 (Fed. Cir. 2001) (internal quotation marks omitted).

We have considered Burney's remaining arguments and find no reversible error in the Claims Court's decision.

COSTS

No costs.