NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAND SHARK SHREDDING, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2020-1231

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00508-MBH, Senior Judge Marian Blank Horn.

_____

Decided:  January 11, 2021

_____

JOSEPH ANTHONY WHITCOMB, Whitcomb, Selinsky, PC, Denver, CO, argued for plaintiff-appellant.  Also represented by TIMOTHY TURNER.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by JEFFREY B. CLARK, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.; NATICA CHAPMAN NEELY,

Office of General Counsel, United States Department of Veterans Affairs, Portland, OR.

————————

Before PROST, *Chief Judge*, REYNA and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

The Department of Veterans Affairs withdrew a solicitation for bids that was set aside for service-disabled veteran-owned small businesses after determining that no qualifying businesses bid a price that was fair and reasonable.  Land Shark, the lowest bidder on the solicitation, challenged the withdrawal of the solicitation.  The Court of Federal Claims granted the government's motion to dismiss on the grounds that Land Shark lacked standing to challenge the withdrawal of the solicitation and that Land Shark failed to state a claim.  Because we agree that Land Shark failed to state a claim, we affirm.

I

Land Shark Shredding, LLC is a service-disabled veteran-owned small business (SDVOSB) that bid unsuccessfully on a contract for document destruction services at White River Junction VA Medical Center and its associated clinics in Vermont and New Hampshire.

In December 2018, the VA issued the solicitation at issue on the Federal Business Opportunities (FBO) website as an SDVOSB set-aside.  The decision to issue the solicitation as an SDVOSB set-aside was based on the contracting officer's determination under 38 U.S.C. § 8127(d), which requires that the VA provide certain preferences to veteran-owned small businesses in its award of contracts:

> [A] contracting officer of the Department shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans or small business concerns

owned and controlled by veterans with service-connected disabilities if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.

In accordance with the threshold requirement, known as the "Rule of Two," the contracting officer conducted market research to determine whether there were two or more SDVOSBs that were likely to submit offers at fair and reasonable prices. Based on this research, the contracting officer concluded that "there are two SDVOSB vendors that may be able to provide the services," but that "[i]t is unknown if the prices would be fair and reasonable due to the location of the vendors." J.A. 47. The contracting officer therefore decided that "[a] solicitation will be posted on FBO as an SDVOSB set aside and a fair and reasonable determination will be made prior to award." *Id.* The contracting officer then issued the solicitation as an SDVOSB set-aside.

During the solicitation response period, a contractor asked: "Is it safe to assume if an offeror bids a per container price for this solicitation, that has been accepted as fair and reasonable per the [General Services Administration] GSA Schedule, and that the VA has recently awarded in other shredding contracts – that said price per container will be considered inherently fair and reasonable and therefore competitive?" J.A. 173. The contracting officer replied: "No, this is an open market solicitation; price reasonableness shall be in accordance with FAR 13.106-3." J.A. 179. This answer was made an amendment to the original solicitation. J.A. 178–79.

Two SDVOSBs bid on the solicitation. Land Shark's bid was the lower of the two quotes. J.A. 303. However, the contracting officer determined that neither of the two bids was fair and reasonable because both quotes were significantly higher than the incumbent company's pricing for these services, as well as the independent government cost estimate (IGCE). J.A. 343. Because the contracting officer determined that the quotes were not fair and reasonable, the contracting officer canceled the solicitation and notified the offerors that the solicitation would be reissued. J.A. 308–13.

Land Shark filed a protest with the VA, challenging the withdrawal of the solicitation. Land Shark argued that the IGCE was flawed for relying on the non-SDVOSB incumbent's pricing and that it was unfair to compare Land Shark's pricing to that of the incumbent because the incumbent was not an SDVOSB. J.A. 316–19. Land Shark also argued that its GSA pricing had already been determined to be reasonable, and thus its current pricing was *per se* reasonable because it was lower than it's GSA pricing. *Id.* The contracting officer denied Land Shark's protest, and the VA reissued the solicitation as a small business set-aside rather than an SDVOSB set-aside. *Land Shark Shredding, LLC v. United States*, 145 Fed. Cl. 530, 543 (2019) (*Decision*).

In February 2019, Land Shark filed a bid protest with the Court of Federal Claims. Subsequently, the contracting officer withdrew her original decision on the agency level protest and canceled the second solicitation pending corrective action. J.A. 341. In March 2019, the contracting officer memorialized the corrective action taken, explaining that the IGCE was flawed and was no longer considered. J.A. 342–46. Nonetheless, the contracting officer found once again that Land Shark's pricing was not fair and reasonable because the quote was significantly higher than the historical pricing and exceeded the VA's available funding for the solicitation. *Id.*

Land Shark again challenged the cancellation of the solicitation in the Court of Federal Claims. The Court of Federal Claims granted the government's motion to dismiss, holding that Land Shark lacked standing to challenge the withdrawal of the solicitation, and that Land Shark failed to state a claim upon which relief could be granted.

## II

"Whether a party has standing to sue is a question of law that we review *de novo*." *Rex Serv. Corp. v. United-States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006). Similarly, "[t]he question of whether a complaint was properly dismissed for failure to state a claim upon which relief could be granted is one of law, which we review [without deference]." *Highland Falls-Fort Montgomery Cent. Sch. Dist. v. United States*, 48 F.3d 1166, 1170 (Fed. Cir. 1995). "In order to avoid dismissal for failure to state a claim, a complaint must allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief." *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

## III

The trial court concluded that Land Shark lacked standing to challenge the VA's cancellation of the solicitation because it was not an "interested party" under the Tucker Act. *Decision*, 145 Fed. Cl. at 553–54. The Tucker Act grants the Court of Federal Claims "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract . . . ." 28 U.S.C. § 1491(b)(1).

"[T]o come within the Court of Federal Claims's § 1491(b)(1) bid protest jurisdiction, [the plaintiff] is required to establish that it (1) is an actual or prospective bidder and (2) possess[es] the requisite direct economic

interest." *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009) (quoting *Rex Serv. Corp.*, 448 F.3d at 1308) (alteration in original). "[T]o prove a direct economic interest as a putative prospective bidder, [the bidder] is required to establish that it had a 'substantial chance' of receiving the contract." *Id.* (quoting *Rex Serv. Corp.*, 448 F.3d at 1308) (second alteration in original).

The government argues that Land Shark did not have a substantial chance of winning the contract award because Land Shark's bid exceeded the VA's designated funding for the solicitation, and because an award to Land Shark would have violated the Anti-Deficiency Act provision disallowing contracting officers from authorizing expenditures that exceed appropriated amounts. *See* 31 U.S.C. § 1341(a)(1)(A).

To counter, Land Shark argues that it had a substantial chance of winning the contract based on the Rule of Two. Because this contract was issued as an SDVOSB set-aside, and because Land Shark was the lowest bidder, Land Shark argues that the government was required to award the contract to Land Shark.

Simply exceeding the agency's target allocation does not deprive a party of the requisite direct economic interest as a matter of law. *See Land Shark Shredding, LLC v. United States*, No. 20-1230 (Fed. Cir. 2021) ("We decline to establish a bright line rule that a bid in excess of an agency's targeted allocation *per se* fails the direct economic interest prong of § 1491(b)(1) bid protest jurisdiction"). Because Land Shark had a substantial chance of receiving the contract as the lowest bidder on the SDVOSB set-aside solicitation but for alleged errors, we conclude that Land Shark had standing to protest the withdrawal of the solicitation and proceed to the merits.

IV

On the merits, Land Shark argues that (1) the contracting officer should have awarded the contract to Land Shark based on 38 U.S.C. § 8127(d) regardless of the reasonableness of its bid and (2) the contracting officer did not properly analyze the bids received for price reasonableness. We agree with the trial court that Land Shark failed to state a claim upon which relief could be granted. *Decision*, 145 Fed. Cl. at 563.

Land Shark's first argument is based on the premise that, the requirements of 38 U.S.C. § 8127(d) were triggered here—i.e., the contracting officer had a reasonable expectation that two or more veteran-owned concerns would bid and that an award could be made at a fair and reasonable price—and that, once the Rule of Two is triggered, the government is required to award the contract, regardless of the actual reasonableness of the bids themselves. We note that this premise is far from established. It is unclear that the requirements of 38 U.S.C. § 8127(d) were met here so as to invoke the Rule of Two, given the contracting officer's explicit determination that "[i]t is unknown if the prices would be fair and reasonable." J.A. 47. We also have previously held that the VA can cancel SDVOSB set-aside solicitations where there are no reasonable bids, which would be impossible if Land Shark's reading of § 8127(d) were correct. *See Veterans Contracting Grp., Inc. v. United States*, 920 F.3d 801, 806–07 (Fed. Cir. 2019).

Even if Land Shark's premise was established, because the government incorporated by amendment to the solicitation the statement that "price reasonableness shall be in accordance with FAR 13.106-3," J.A. 179, the contracting officer had to perform an analysis after the fact to "determine that the proposed price is fair and reasonable." FAR 13.106-3. To the extent that Land Shark disagrees, it must either challenge the validity of FAR 13.106-3 in light

of 38 U.S.C. § 8127(d) or challenge the application of FAR 13.106-3 to this solicitation. Challenges to the validity of a regulation governing a procurement must be brought in federal district court under the Administrative Procedure Act. *Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1135 (Fed. Cir. 1998). Therefore, this argument exceeds the Court of Federal Claims' jurisdiction. And Land Shark has forfeited any challenge to the application of FAR 13.106-3 to this solicitation by not raising it while the procurement was pending, as it was clear from the solicitation's terms that a price reasonableness determination would be performed accordingly. *See Blue & Gold, Fleet, L.P. v. United States*, 492 F.3d 1308, 1313 (Fed. Cir. 2007) ("[A] party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims.").

Land Shark's second argument is that the contracting officer's price reasonableness analysis was improper. Land Shark argues that the contracting officer did not follow the method for analyzing SDVOSB posted on the VA website. This argument is unavailing because the VA website is not a regulation that the contracting officer was required to follow and because the discussion that Land Shark refers to concerned FAR Part 15, not FAR 13.106-3. Land Shark also argues that the contracting officer erred because "the CO also did not administer the three prongs of the FAR 13.106-2(b)." Appellant's Br. at 26. But FAR 13.106-2(b) does not have three prongs. It is true that the solicitation stated that the VA would perform reasonableness analysis based on three factors: price, past performance, and technical factors. J.A. 78–79. However, nowhere was there a requirement that the contracting officer continue through the other evaluation factors after determining that price was not fair and reasonable.

Land Shark has failed to state a claim because it has not alleged facts "plausibly suggesting (not merely consistent with)" entitlement for relief. *Twombly*, 550 U.S. at 557 (2007). Land Shark has waived part of its first argument, and the Court of Federal Claims did not have jurisdiction to hear the part of Land Shark's first argument that has not been waived. And Land Shark has not alleged facts that plausibly support its second argument. For these reasons, we agree with the trial court that Land Shark failed to state a claim upon which relief could be granted.

V

We have considered the parties' remaining arguments and find them unpersuasive. Because Land Shark has failed to state a claim upon which relief could be granted, we affirm the Court of Federal Claims' decision.

**AFFIRMED**