NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAND SHARK SHREDDING, LLC,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1230

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01568-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: January 11, 2021

---

JOSEPH ANTHONY WHITCOMB, Whitcomb, Selinsky, PC, Denver, CO, argued for plaintiff-appellant. Also represented by JOEL L. HAMNER.

SEAN LYNDEN KING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE; NATICA CHAPMAN NEELY, Office

of General Counsel, United States Department of Veterans Affairs, Portland, OR.

————————————

Before PROST, *Chief Judge*, REYNA and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

The Department of Veterans Affairs awarded a government contract to a party other than Appellant Land Shark Shredding. After Land Shark protested, the Court of Federal Claims held that the government's rejection of Land Shark's bid was not arbitrary, capricious, or an abuse of discretion. Because the decision to award the solicitation to a contractor other than Land Shark had a rational basis and was not a violation of regulation or procedure, we affirm.

I

Land Shark Shredding, LLC is a service-disabled veteran-owned small business (SDVOSB) that bid unsuccessfully on a contract for shredding and pill-bottle destruction services at VA facilities in Miami, Florida, and the surrounding area.

In August 2018, the VA issued the solicitation at issue using the General Services Administration (GSA) Federal Supply Schedule (FSS) program to solicit bids. The FSS "provides Federal agencies with a simplified process for obtaining commercial supplies and services at prices associated with volume buying." 48 C.F.R. § 8.402(a). Under the FSS, a contractor publishes an "Authorized [FSS] Pricelist" containing the pricing and the terms and conditions for the supplies or services that the contractor offers. 48 C.F.R. § 8.402(b). The VA used the GSA's electronic Request for Quotation system, "eBuy," to post requirements and obtain quotes on its solicitation.

38 U.S.C. § 8127(d) requires that the VA provide certain preferences to veteran-owned small businesses in its award of contracts:

> [A] contracting officer of the Department shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.

The contracting officer's triggering determination is referred to as the "Rule of Two" because of the requirement that the officer consider whether two or more businesses from the respective categories of veteran-owned small businesses (VOSBs) or SDVOSBs will submit reasonable offers.

Here, the contracting officer performed initial research through the FSS and identified three SDVOSBs, four VOSBs, thirty-seven small businesses, and seven large businesses that were "potentially capable" of providing contract services.  J.A. 283.  The contracting officer then performed further market research by publishing a formal request for information in the GSA system.  Three businesses responded to this request: Land Shark and two small businesses.  J.A. 627.

The contracting officer then issued the solicitation as an "[SDVOSB] set-aside with Small Business [s]et-aside using a tiered or cascading order of precedence." *Land Shark Shredding, LLC v. United States*, 145 Fed. Cl. 338, 342 (2019) (*Decision*).  All businesses could bid on the solicitation, but the solicitation instructed that offers would be

evaluated in tier order: (1) SDVOSBs, (2) VOSBs, (3) small businesses, and (4) all other businesses.  *Id.*

Three businesses submitted bids on the solicitation: Land Shark, SafeGuard Document Destruction Inc. (Safe-Guard), which qualified as a small business, and a large business.  Land Shark bid a total price of $2,819,101.20 over the five years of the contract.  *Id.* at 343.  SafeGuard bid a total of $474,034.80 over the five years, and the large business bid slightly more than SafeGuard.  *Id.*  The independent government cost estimate (IGCE) for the contract was $490,000 over the five years.  *Id.*  Thus, Land Shark's bid was more than five times SafeGuard's bid and the IGCE.

The VA determined that Land Shark's bid was not reasonable and awarded the contract to SafeGuard instead.  *Id.*  Land Shark filed a bid protest in the Court of Federal Claims, arguing among other things that the contract was an SDVOSB set-aside that should have been awarded to Land Shark as the only SDVOSB that bid.  The trial court entered judgment on the administrative record in favor of the United States which Land Shark now appeals.

II

"Whether a party has standing to sue is a question of law that we review *de novo.*"  *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006).  A grant of judgment on the administrative record is a legal question that we review without deference.  *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005).  We apply "the Administrative Procedure Act standard of review . . . to all procurement protest cases in the Court of Federal Claims." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001) (quoting H.R. Rep. No. 104-841, at 10 (1996) (Conf. Rep.)).  "[A] bid award may be set aside if either: (1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure."  *Id.*

III

The government argues that Land Shark lacked standing to bring a bid protest claim under the U.S. Constitution and under the Tucker Act, 28 U.S.C. § 1491(b)(1). The Court of Federal Claims is established under Article I of the Constitution, but it "applies the same standing requirements enforced by other federal courts created under Article III." *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009) (quoting *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003)).

Article III standing requires that a plaintiff have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Additionally, the plaintiff must "fall[] within the class of plaintiffs whom Congress has authorized to sue" under the statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014).

The government argues that Land Shark cannot establish that it has suffered an actual injury that would satisfy Article III and that would give the Court of Federal Claims jurisdiction over its bid protest claim as defined by the Tucker Act. The Tucker Act grants the Court of Federal Claims "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract." 28 U.S.C. § 1491(b)(1).

"[T]o come within the Court of Federal Claims's § 1491(b)(1) bid protest jurisdiction, [the plaintiff] is required to establish that it (1) is an actual or prospective bidder and (2) possess[es] the requisite direct economic interest." *Weeks Marine*, 575 F.3d at 1359 (quoting *Rex Serv. Corp.*, 448 F.3d at 1308) (alteration in original). "[T]o prove a direct economic interest as a putative prospective bidder,

[the bidder] is required to establish that it had a 'substantial chance' of receiving the contract." *Id.* (quoting *Rex Serv. Corp.*, 448 F.3d at 1308) (second alteration in original).

The government argues that Land Shark did not have a substantial chance of winning the contract award because Land Shark's bid exceeded the VA's designated funding for the contract, and because an award to Land Shark would have violated the Anti-Deficiency Act provision disallowing contracting officers from authorizing expenditures that exceed appropriated amounts. *See* 31 U.S.C. § 1341(a)(1)(A).

To counter, Land Shark argues that it had a substantial chance of winning the contract based on the Rule of Two. Because this contract was allegedly set aside for SDVOSBs under the Rule of Two, and because Land Shark was the only SDVOSB bidder, Land Shark argues that the government was required to award the contract to Land Shark.

We decline to establish a bright line rule that a bid in excess of an agency's targeted allocation *per se* fails the direct economic interest prong of § 1491(b)(1) bid protest jurisdiction. While there may be scenarios in which an offeror's bid is so high that the contractor lacks a substantial chance of receiving the contract, simply exceeding the target allocation is not enough. A contractor who bids above an agency's target may nevertheless maintain a substantial chance of receiving the contract. On the facts of this case, Land Shark has advanced a good-faith argument that it would have been awarded the contract absent errors in legal interpretation. Without considering the merits at this preliminary stage, Land Shark maintained a substantial chance of winning the contract and was therefore an interested party under the Tucker Act.

Because we hold that a bid in excess of a targeted allocation does not *per se* mean that the bidding party lacks

standing to file a bid protest claim in the Court of Federal Claims, and because Land Shark had a substantial chance of receiving the contract as the only SDVOSB to bid on the solicitation, we conclude that Land Shark had standing to protest the award of the contract and proceed to the merits.

IV

The Rule of Two requires that competition be restricted to SDVOSBs or VOSBs "if the contracting officer has a reasonable expectation that two or more [SDVOSBs or VOSBs] will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States." 38 U.S.C. § 8127(d). If the Rule of Two was satisfied, § 8127(d) makes clear that the contracting officer should have issued the solicitation as an SDVOSB or VOSB set-aside. *See Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016) ("When a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty").

Land Shark argues that the Rule of Two was satisfied here. First, Land Shark argues that the contracting officer had a reasonable expectation that two or more SDVOSBs would bid on the solicitation by virtue of the contracting officer's initial determination that three SDVOSBs could potentially bid. Second, Land Shark argues that its prices were fair and reasonable because they were published on the FSS and because 48 C.F.R. § 8.404(d) states that "GSA has already determined the prices of supplies and fixed-price services, and rates for services offered at hourly rates, under [FSS] contracts to be fair and reasonable."

We disagree with Land Shark on both counts. The contracting officer's initial research identifying three SDVOSBs that could potentially bid on the solicitation did not create a reasonable expectation that two or more of the SDVOSBs would submit offers. In an effort to learn more about who was likely to bid, the officer published a formal request for information about potential bidders. Only one

SDVOSB (Land Shark) and no VOSBs responded to this request. In response to this research, the contracting officer chose to solicit bids using a tiered order of precedence, a "procedure used in negotiated acquisitions when market research is inconclusive for justifying limiting competition to small business concerns or sub-categories of small business concerns." J.A. 352. Thus, the contracting officer apparently determined that the market research was inconclusive as to whether two or more SDVOSBs were likely to bid.

Furthermore, nothing requires the contracting officer to defer to the FSS in making the determination that an award could be made at fair and reasonable prices that offer the best value to the United States. 48 C.F.R. § 8.404(d), the same section that Land Shark cites as creating a presumption of reasonableness, states that "ordering activities are not required to make a separate determination of fair and reasonable pricing, except for a price evaluation as required by 8.405-2(d)." The fact that a separate determination is not required does not mean that it cannot be performed, and in any event, such an analysis is required here under 48 C.F.R. § 8.405-2(d). ("The ordering activity shall evaluate all responses received using the evaluation criteria provided to the schedule contractors. . . . [and] [p]lace the order with the schedule contractor that represents the best value.")

We agree with the trial court that the Rule of Two was not met here and the solicitation was not issued as a full SDVOSB set-aside. The fact that the contracting officer chose to issue the solicitation as a tiered order of precedence solicitation does not change this and did not obligate the officer to choose Land Shark, particularly where Land Shark bid more than five times as much as the low bidder and the IGCE. Because the contracting officer's actions were not an abuse of discretion, it was not error to award the contract to a party other than Land Shark.

Land Shark also argues that the use of a tiered order of precedence by the VA violated 38 U.S.C. § 8127(d). We agree with the trial court that Land Shark has forfeited this argument by not raising it at the time that the procurement was issued. *See Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313 (Fed. Cir. 2007) ("[A] party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims."). We also agree with the trial court that "[e]ven if the argument were not waived . . . the VA's cascading tiers of preference scheme, as applied in this procurement, does not offend either *Kingdomware* or section 8127(d)." *Decision*, 145 Fed. Cl. at 347.

V

We have considered the parties' remaining arguments and find them unpersuasive. Because the procurement officer's decision to award the solicitation to a contractor other than Land Shark had a rational basis and was not a violation of regulation or procedure, we affirm the Court of Federal Claims' decision.

**AFFIRMED**