# United States Court of Appeals for the Federal Circuit

---

**SHARON L. YOUNGMAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7139

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-2785, Chief Judge Bruce E. Kasold.

---

Decided: November 9, 2012

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

KATY M. BARTELMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI,

Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before NEWMAN, CLEVENGER, AND BRYSON, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Sharon L. Youngman, as fiduciary and curator for deceased veteran Lee T. Richardson, seeks payment of accrued benefits of about $350,000 that had been awarded to Mr. Richardson before his death. Payment of this sum had been delayed while the Kansas state courts were accrediting Ms. Youngman as successor fiduciary and curator for Mr. Richardson, who had been adjudged incompetent several years earlier. Mr. Richardson died after the accreditation but before processing of the payment. Ms. Youngman seeks the payment for distribution to Mr. Richardson's heirs. The Secretary refuses payment.

This appeal reaches us as a matter of statutory interpretation. *See* 38 U.S.C. § 7292(c) (the Federal Circuit has jurisdiction to review and decide any interpretation of any statute or regulation under the designated sections).

## DISCUSSION

On May 3, 2005, the Secretary of Veterans Affairs (herein the "VA") awarded 100% disability to Mr. Richardson, effective March 10, 1986. The award included approximately $350,000 in accrued benefits. On May 12, 2005, Ms. Youngman was appointed by the VA as Mr. Richardson's fiduciary, the prior fiduciary having resigned. Proceedings were commenced in the Kansas District Court in Wyandotte County for the appointment of Ms. Youngman as

Mr. Richardson's "curator" under Kansas law. On July 15, 2005, the Kansas court issued a formal "Order Appointing Curator." On July 27, 2005, the VA service center manager in Wichita, Kansas issued to Ms. Youngman a certificate of legal capacity to receive and disburse benefits, the certificate stating that the VA had received a $475,000 bond from Ms. Youngman and that "all withheld funds can be released to the Curator."

Meanwhile, on July 7, 2005, at Ms. Youngman's initiative Mr. Richardson through counsel filed a petition for mandamus in the Court of Appeals for Veterans Claims, to compel the VA to pay the award of his accrued benefits. On July 8, 2005, the VA wrote Ms. Youngman that the payment was being withheld until her appointment was completed. On July 13, 2005, an amended petition was filed in the Veterans Court, identifying Ms. Youngman as Mr. Richardson's VA-appointed fiduciary. *See Richardson v. Nicholson*, 476 F.3d 883, 885 (Fed. Cir. 2007). On July 28, 2005, Mr. Richardson died, the awarded funds still unpaid.

On August 12, 2005, counsel filed a motion in the Court of Appeals for Veterans Claims to substitute Ms. Youngman for the deceased petitioner, for release of the awarded funds. Ms. Youngman sought to distribute the funds to Mr. Richardson's heirs, who are cousins of Mr. Richardson. The court denied the petition and the Federal Circuit affirmed, holding that Ms. Youngman, not being eligible for Mr. Richardson's survivor benefits, lacked standing to pursue this claim. *Id.* at 886-87.

While that appeal to the Federal Circuit was pending, in June 2006 Ms. Youngman filed a request for payment with the VA, which was denied in July 2006. Ms. Youngman appealed this denial to the Board of Veterans' Appeals, which dismissed the appeal for lack of jurisdiction, based on

Mr. Richardson's death. In December 2010, the Court of Appeals for Veterans Claims affirmed the Board's decision, stating that even if the Board erred in holding that it lacked jurisdiction, "Ms. Youngman nevertheless failed to demonstrate prejudicial error." The court cited 38 U.S.C. § 5121(a), which provides that

> periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at the date of death . . . and due and unpaid, shall, upon the death of such individual be paid as follows . . . (2) Upon the death of a veteran, to the living person first listed below: (A) The veteran's spouse. (B) The veteran's children (in equal shares). (C) The veteran's dependent parents (in equal shares).
>
> ....
>
> (6) In all other cases, only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial.

No other categories of payee at death are provided in the statute. No claim for sickness or burial expense is asserted here. Ms. Youngman, as fiduciary or curator, does not fit any of the statutory categories of persons eligible to receive benefits that are due and unpaid upon a veteran's death. Nor do Mr. Richardson's heirs.

Ms. Youngman argues that as fiduciary she is entitled to receive the funds that were owed to Mr. Richardson before his death for distribution to his heirs, pointing out that the VA explicitly stated, before the veteran's death, that the veteran is entitled to these funds and that they can be released to the fiduciary. She states that this entitle-

ment differs from the payment of benefits to a spouse, children, or parents under §5121(a), acknowledging that no members of those classes exist. She states that this entitlement was fully vested at the time of Mr. Richardson's death, that it was for retroactive accrued payments that would have been paid but for the change in curators and the delay of the state proceedings. Thus she states that as fiduciary and curator she has standing to receive payment of this vested obligation in accordance with 38 U.S.C. § 5502(a)(1), which provides for payment to the veteran's fiduciary for the veteran's benefit:

> Where it appears to the Secretary that the interest of the beneficiary would be served thereby, payment of benefits under any law administered by the Secretary may be made directly to the beneficiary or to a relative or some other fiduciary for the use and benefit of the beneficiary, regardless of any legal disability on the part of the beneficiary.

Regulations to effect this statute include: 38 C.F.R. § 13.55, which provides that a veterans service center manager may "select and appoint . . . the person or legal entity best suited to receive Department of Veterans Affairs benefits," 38 C.F.R. § 13.58, which provides that the same officer may "make determinations as to the person or legal entity to be appointed legal custodian to receive Department of Veterans Affairs payments," and 38 C.F.R. § 13.59(a), which provides that benefits may "be paid to the fiduciary appointed by a State court." It is undisputed that Ms. Youngman is a duly appointed fiduciary.

The VA argues that this relationship was extinguished with the veteran's death. The issue is comparable to that addressed in *Richard ex rel. Richard v. West*, 161 F.3d 719 (Fed. Cir. 1998). In that case, a deceased veteran's brother

sought to be substituted for the veteran, pursuant to CVA Rule 43(a), to obtain payment of the veteran's service-connected disability benefits. This court held that "the intent to terminate a veteran's claim to disability compensation at death manifested by the structure and language of the statutes themselves" precluded recovery of such benefits by "a non-section 5121 claimant." *Id.* at 722-23. The court rejected the brother's argument "that section 5121 merely establishes an alternative yet nonexclusive means of recovering disability compensation due a veteran at death" and therefore did not apply to him, a non-section 5121 claimant. *Id.* at 722. The court held that "a veteran's death limits the recipients, amounts, and processes of recovery of disability compensation to those provided in section 5121." *Id.*

Although this case involves a fiduciary rather than a substitute recipient, the principle is the same. By statute, §5121(a) limits the payment of benefits due at the veteran's death, to a surviving spouse or child or dependent parent. No payment can be made to the veteran's estate, or any heir other than as designated in §5121(a). The Court of Appeals for Veterans Claims correctly held that the circumstances herein do not provide an exception to the statutory restriction.

Ms. Youngman argues that §5502, authorizing payment to a veteran's fiduciary, is independent of §5121's restrictions on the distribution of accrued money owed to a veteran. However, by its terms, §5121 governs the distribution of accrued benefits "[i]n all . . . cases." 38 U.S.C. § 5121(a)(6). While §5502 allows a fiduciary to stand in the shoes of a veteran, the statute does not grant the fiduciary rights beyond those of the veteran himself. Here, because Mr. Richardson died without any heirs in the categories qualifying under §5121, his unpaid benefits died with him. The fact that Ms. Youngman was Mr. Richardson's fiduciary

at the time of his death does not remove the restriction explicitly provided by §5121(a). Ms. Youngman's suggested interpretation of the statutory scheme would lead to the peculiar result whereby non-qualifying heirs of veterans with fiduciaries could receive the veteran's accrued unpaid benefits, while non-qualifying heirs of veterans without fiduciaries would not be eligible to receive such benefits.

We conclude that the Secretary correctly interpreted the statute, and that the veteran's fiduciary does not have standing or authority to receive accrued benefits that were unpaid at the veteran's death, other than in accordance with payments as provided in 38 U.S.C. § 5121(a), to designated family members or for reimbursement of the expenses of last sickness and burial.

No costs.

**AFFIRMED**