Moore, Circuit Judge, concurring.
I join the majority opinion in full, but write separately because more needs to be said and done. In the cases before us today, we once again find ourselves faced with the fundamentally flawed program that is the veterans' disability benefits system. Established with the intent of serving those who have served their country, the veterans' disability benefits system is meant to support veterans by providing what are often life-sustaining funds. Instead, many veterans find themselves trapped for years in a bureaucratic labyrinth, plagued by delays and inaction.
The Department of Veterans' Affairs' own figures illustrate the wide scope of the problem. In a 2017 report, the Board of Veterans' Appeals ("Board") stated that after the receipt of a notice of disagreement, it takes the Veterans Benefits Administration ("VBA") an average of 500 days to prepare a statement of the case. The veteran then has 60 days to file a substantive appeal but on average only takes 37 days. Once the appeal is received, it takes the VBA an average of 773 days to certify the appeal. This is a ministerial process that involves checking that the file is correct and complete and completing a *1350 two-page form which could take no more than a few minutes to fill out. The VA's own table of Work Rate Standards allocates 2.6 hours to Appeal Certifications. J.A. 508. So there is no confusion as to the utter simplicity and purely clerical nature of this form, I have attached a copy to this opinion. As can be seen, the form consists of a total of 13 items to be filled out, each requiring nothing more complicated than the veteran's name, the dates of various prior actions before the VA, and whether or not a hearing was requested. Unsurprisingly, the government has provided no reason why such a simple task takes over two years to complete, and I cannot conceive of any rational explanation.
Of course, certification of an appeal only moves a veteran's case out of the hands of the VBA and into the hands of the Board where the case enters a new bureaucratic morass. Once the appeal has been certified (the two-page form which takes the VA on average 773 days to complete), a veteran must wait, on average, another 321 days for the appeal to be docketed by the Board.[1] Even after being asked repeatedly at oral argument to explain how docketing could possibly take so long, in post-argument letters to the court, the government could not explain why the average veteran spends more than ten months waiting for his appeal to be "docketed" which the government explains is distinct from the certification and hearing stages. At our appellate court, cases take, at most, 30 minutes to docket. But, the ministerial acts of certifying the appeal (2 page sheet attached) and docketing the appeal take the VA on average 1,094 days .
In total the appeals process takes over five and a half years on average from the time a notice of disagreement is filed until the Board issues a decision, which often sets the stage for more proceedings on remand. In short, even when veterans win on appeal, they have lost years of their lives living in constant uncertainty, possibly in need of daily necessities such as food and shelter, deprived of the very funds to which they are later found to have been entitled.
The delays faced by veterans affect not just them, but their families and friends as well. Even if a veteran is fully entitled to benefits, should he die during the pendency of the resolution (or appeal) of his disability benefits claim, the veteran and his family lose the right to the deserved benefits unless the veteran has a spouse, minor children, or dependent parents. See Youngman v. Shinseki , 699 F.3d 1301, 1304 (Fed. Cir. 2012). Adult children and extended families, who have provided years of financial or other support to the veteran because he was not receiving his disability benefits, cannot recover the benefits the veteran was entitled to during that time. In the cases before us today, three of the veterans died while their cases were pending before the VA or this court.
While it is understandable that preparing the statement of the case, and other substantive steps in the process, may take significant amounts of time, it is unconscionable *1351 how long it takes the VA to perform the many ministerial steps that take place after this. In most of the cases before us today, when a mandamus petition was filed, the VA actually took action. These proceedings are supposed to be non-adversarial. Henderson ex rel. Henderson v. Shinseki , 562 U.S. 428, 431-32, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). They are intended to be pro-claimant. Id. A veteran should not have to hire a lawyer to file a mandamus petition to get the VA to act in his case.
Under separation of powers, we do not have the authority to require the Secretary to take specific actions to fix these many problems across all veterans' cases-an action desperately needed. Instead, we are constrained to the facts of the particular cases in front of us. However, the proceedings in these cases illustrate the fundamental problems with the system-problems that have been acknowledged by the VA. Although the systemic resolution of these matters is not within the scope of this court's authority, there is little doubt as to the President's ability to take action.
The President signed into law the Veterans Appeals Improvement and Modernization Act on August 23, 2017. This new structure with different tracks for Board appeals may streamline some cases after it takes effect in February 2019. This has no impact on the 470,000 appeals currently before the Board.[2] But more importantly, the new law contains no deadlines for certification of an appeal (the two-page document that currently takes the VA an average of 773 days to process) or the Board docketing (the process which currently takes the Board on average 321 days to complete).[3] The Board has reported that it has set a goal for itself of completing appeals (in which no additional evidence is submitted and no hearing is requested) in an average of 365 days. This is not law and there are no consequences for the Board's failure to comply with its own goal. Moreover, this goal does not appear to include the 1094 days which it takes for certifying the appeal or docketing the appeal. So after a veteran waits on average 1,094 days during which time nothing at all is being done on his case, then the Board will try to resolve his appeal in, on average, 365 days if he waives his right to a hearing and agrees not to submit any additional evidence in support of his claim.
I hope the many minds which are focused on these problems, this new legislation, Congressional oversight and the VA reforms will improve what all acknowledge is a deeply flawed veterans' disability benefits system. In the meantime, it is the job of the courts to review individual cases with claims of unreasonable delay. As in these cases, the VA acts quicker when a mandamus petition has been filed. Under the correct mandamus standard which we adopt today, veterans should have a much easier time forcing VA action through the *1352 mechanism of mandamus. For example, it is hard to imagine how Mr. Martin could be denied mandamus. He received his SSOC in December 2015 and filed his notice of appeal the same month. The VA certified his appeal to the BVA in February 2016. The next step would be for the BVA to docket his appeal, a seemingly ministerial act. He filed his petition for mandamus in September 2016 after the BVA failed to perform this ministerial act for more than seven months. According to the government, to this date, more than 27 months later , his appeal to the BVA has still not been docketed. We note that in the other cases before us today where docketing occurred, it occurred at most within a couple of months. See Joint Submission on Case Status (Myers: Certified to the BVA-November 2016, docketed-November 2016; Aktepy: Certified to BVA-2/2017, docketed-6/2017; Meissgeier: Certified to BVA-11/2017, docketed-4/2018). The government offered no explanation for the failure to take any action to docket the appeal for more than two years in Mr. Martin's case. Similarly, in the handful of cases before us certification to the BVA was completed in some instances within a week and in others took close to three years. See Joint Submission of Case Status (compare Matthews: Appeal Form filed-11/6/2017, Certified to BVA-11/13/2017, with Aktepy: Appeal form filed-4/2014, Certified to BVA-2/2017). Again, on the record before us, the government offers no explanation for the delays in certifying these cases. Once certified and docketed, appeals must be decided on a first-in-first-considered basis by the Board. See 38 U.S.C. § 7107(a)(4) ; 38 CFR § 20.900.[4] There is no similar first-in-first-out requirement for other portions of the VA process (such as rating decisions, SSOCs, BVA certification or docketing). And, the evidence before us suggests that the VA is not operating on a first-in-first-out basis for the ministerial acts of certifying or docketing the appeal.
It is unfortunate, but the takeaway from all this is quite simple: hiring a lawyer and filing a mandamus petition forces the VA to act. Absent unusual circumstances, certification and docketing should be ministerial acts which take very little time to perform. Cases which languish at this non-substantive stage are good candidates for mandamus based on unreasonable delay and due process violations unless the government can proffer a reason for the delay specific to the case.
The men and women in these cases protected this country and the freedoms we hold dear; they were disabled in the service of their country; the least we can do is properly resolve their disability claims so that they have the food and shelter necessary for survival. It takes on average six and a half years for a veteran to challenge a VBA determination and get a decision on remand. God help this nation if it took that long for these brave men and women to answer the call to serve and protect. We owe them more.
*1353 CERTIFICATION OF APPEAL-VA FORM 8 *1354 --------

The VA has suggested that this delay is in part attributable to data entry errors by VA employees. "After cases are transferred to the Board, a team of employees must manually review and correct most incoming cases due to issues with labeling, mismatched dates, and missing files. Via an internal study, VA determined that up to 88 percent of cases transferred to the Board had such errors." U.S. Gov't Accountability Off., GAO-17-234, VA Disability Benefits: Additional Planning Would Enhance Efforts to Improve the Timeliness of Appeals Decisions 20 (2017) ("GAO Report"). The government cannot justify delays in case processing by pointing to its own clerical errors such as data entry or labeling. If anything, such evidence if present in an individual case weighs in favor of mandamus.

The new statute provides a mechanism, RAMP, for addressing some existing cases. RAMP, however, requires the veteran to withdraw his current appeal, and the Board will not start reviewing RAMP appeals until October 2018. According to the government, RAMP has gone virtually unused. U.S. Gov't Accountability Off., GAO-18-352, VA Disability Benefits: Improved Planning Practices Would Better Ensure Successful Appeals Reform 21-22 & n.42 (2018).

I note that the VA is implementing a new auto-mated process, Caseflow, which it hopes will eliminate the manual data entry errors it had previously found plagued cases transferred to the Board. GAO Report at 20. This may speed up the docketing process.

The statute does permit the Board to advance a case on its docket pursuant to 38 U.S.C. § 7107 for good cause which includes an appellant's serious illness, advanced age, extreme financial hardship, or administrative error which had caused prior delays. See VA Manual M21-1, I.5.F.6.a.